# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GARY L. ABRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-2561-KHV |
| | ) | |
| CENTRIS FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On September 16, 2019, pro se plaintiff Gary L. Abraham filed suit against Centris Federal Credit Union. Complaint (Doc. #1).[1] As best the Court can ascertain, plaintiff alleges that defendant engaged in predatory lending relating to a home loan, and brings his claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. This matter is before the Court on plaintiff's Motion To Stay Collection Payment To Defendant (Doc. #6) filed September 18, 2019, plaintiff's Request For Entry Of Default By The Clerk (Doc. #14) filed October 18, 2019, defendant's Motion To Transfer Venue And Motion To Dismiss For Failure To State A Claim (Doc. #15) filed October 21, 2019 and plaintiff's Motion For Entry Of Default Judgment Against Defendant By The District Clerk (Doc. #26) filed October 29, 2019. For reasons stated below, the Court sustains defendant's motion in part and does not rule on plaintiff's motions.

## Factual Background

As best the Court can ascertain, plaintiff alleges the following:

---

[1] On October 4, 2019, plaintiff filed an Amended Complaint (Doc. #10).

On or about May 21, 2019, plaintiff contacted defendant's mortgage department to inquire about eligibility requirements for home loans. Defendant ultimately denied plaintiff a loan because he did not satisfy its debt ratio guidelines.

On or about May 24, 2019, plaintiff again contacted defendant to discuss loan options. Defendant advised plaintiff that to lower his debt ratio, he should refinance existing loans, pay off credit cards and trade both of his cars for a more economical option. With the understanding that defendant would lower his debt ratio to allow him to obtain a home loan, plaintiff used $29,000 from his savings.[2] Although it is unclear to the Court, it appears that defendant ultimately granted plaintiff a loan.

In obtaining his loan, plaintiff did not understand the forms that he signed, including the terms and conditions, disclosures, amount financed and finance charges. After he expressed concern to defendant, defendant sent new documents. Plaintiff did not receive them, however, for several weeks. When plaintiff then attempted to cancel the loan, defendant avoided his calls. Once defendant responded, it explained that it had already disbursed the funds, despite plaintiff's prior instructions by email and voice messages to cancel the deal. Weeks later, defendant pressured plaintiff to pay off the loan.

## Analysis

Under 28 U.S.C. § 1404(a), defendant requests that the Court transfer this case to the District of Nebraska pursuant to a valid forum selection clause that governs plaintiff's claims. A forum selection clause in a freely-entered contract is presumptively valid. See Bowen Eng'g, Corp. v. Pac. Indem. Co., 83 F. Supp. 3d 1185, 1190 (D. Kan. 2015). Accordingly, the Court will enforce a forum selection clause unless the party challenging it "clearly show[s] that enforcement

---

[2]     It is unclear from plaintiff's allegations the purpose for which he used the $29,000.

would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Kufahl v. Spaulding Decon Indus., Corp., No. 19-1036-EFM, 2019 WL 5424791, at *2 (D. Kan. Oct. 23, 2019) (citing Niemi v. Lasshofer, 770 F.3d 1331, 1351 (10th Cir. 2014)).

Here, a valid forum selection clause governs plaintiff's claims. On June 7, 2012, plaintiff became a member of defendant by signing a Membership Application Account Card. By doing so, plaintiff agreed to "the terms and conditions of the Membership and Account Agreement." Account Card (Doc. #17-2) filed October 21, 2019 at 4. The Account Agreement clearly states that it "covers [plaintiff's] rights and responsibilities concerning [his] accounts," and that "any legal action regarding this Agreement shall be brought in the county in which the Credit Union is located," which is Douglas County, Nebraska.[3] Account Agreement (Doc. #17-2) at 5, 10. Plaintiff does not argue that enforcing the forum selection clause would be unreasonable or unjust, or that the clause was invalid for reasons such as fraud or overreaching. Accordingly, absent argument to the contrary, the Court finds that plaintiff agreed to a valid forum selection clause that governs his claims.[4]

When defendant files a motion under 28 U.S.C. § 1404(a) and presents a valid forum selection clause, the Court "should ordinarily transfer the case to the forum specified in that clause." Atl. Marine Constr. Co. v. United States Dist. Court, 571 U.S. 49, 52 (2013). As the

---

[3]     The agreement also specifies that any "conflict regarding what you and our employees say or write will be resolved by reference to this Agreement." Account Agreement (Doc. #17-2) at 8.

[4]     Although the content of plaintiff's claims is somewhat unclear, it appears that they relate to an aspect of his contract with defendant and communications with its employees regarding his accounts. Because these claims relate to his agreement with defendant and communications with its employees, the agreement's forum selection clause governs the claims. See J. v. Genuine Title, LLC, No. RDB-14-0081, 2015 WL 8315704, at *13 (D. Md. Dec. 9, 2015) (granting credit union's motion to transfer venue pursuant to substantially similar forum selection clause).

Supreme Court explained, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation." Id. Accordingly, the Court "should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Id. To determine whether such extraordinary circumstances exist, the Court "does not give any weight to plaintiff's choice of forum and should only consider arguments related to public-interest factors." Kufahl, 2019 WL 5424791, at *2 (citing Atl. Marine Constr. Co., 571 U.S. at 62). These factors include: (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law. Id. The Supreme Court explained that because public-interest factors "will rarely defeat a transfer motion," the practical result is that forum selection clauses should control except in unusual cases. Atl. Marine Constr. Co., 571 U.S. at 64.

Here, plaintiff has not shown extraordinary circumstances that would override the valid forum selection clause to which he agreed. Indeed, plaintiff does not address any public-interest factors. He merely complains about the inconvenience of litigating outside of Kansas, where he and his witnesses live. As the Supreme Court has made clear, however, convenience for plaintiff and his witnesses is simply irrelevant when he agreed to a valid forum selection clause. See id. at 52. Accordingly, plaintiff has failed to satisfy his burden of showing extraordinary circumstances preventing transfer of venue. See id. at 64 (plaintiff bears burden of establishing that transfer to forum to which parties agreed is unwarranted).

Plaintiff apparently argues that defendant waived its right to transfer this case because it did not timely answer his complaint. This argument was the basis for two separate motions in which plaintiff asked the Court clerk to enter default against defendant. Request For Entry Of Default By The Clerk (Doc. #14); Motion For Entry Of Default Judgment Against Defendant By The District Clerk (Doc. #26). Plaintiff's argument is frivolous. Although he served his original complaint on September 18, 2019, he served an amended complaint on October 7, 2019. See Notice Of Proof Of Service Of Plaintiff Amended Complaint To Defendant (Doc. #11). Pursuant to Fed. R. Civ. P. 15(a)(3), defendant had until October 21, 2019 to respond. Defendant complied with Rule 15(a)(3), filing its motion to transfer or dismiss on October 21, 2019. See Motion To Transfer Venue And Motion To Dismiss For Failure To State A Claim (Doc. #15). Thus, defendant did not default or waive the right to request a transfer.

Plaintiff's disregard for these rules in filing multiple default motions is worth noting, particularly in light of the warning that he received from this Court on a different matter just last year. On September 7, 2018, U.S. Magistrate Judge James P. O'Hara stated the following:

> Plaintiff is warned, however, that he must not file motions lightly. If, in the future, the court determines that plaintiff brings a motion to compel without substantial justification, plaintiff will be ordered to pay the reasonable attorneys' fees incurred by defendants. Plaintiff should also take heed of Fed. R. Civ. P. 11, which provides that by filing a motion, plaintiff certifies to the best of his knowledge that it is nonfrivolous, that it is not intended to harass or needlessly increase the cost of litigation, and that the legal and factual contentions have support in the law and evidence. Should the court find plaintiff has violated Rule 11, the court may impose on him monetary and nonmonetary sanctions (including dismissal of the case in some instances).

Abraham v. Hilton Worldwide, Inc., No. 18-2137-DDC, 2018 WL 4282990, at *3 (D. Kan. Sept. 7, 2018). Here, plaintiff filed his first motion for default on October 18, 2019, knowing that he had served his amended complaint only 11 days earlier. More egregiously, plaintiff filed his second default motion on October 29, 2019, long after defendant had timely responded to the

amended complaint.[5]  In this second default motion, plaintiff acknowledged his amended complaint and even cited Rule 15, the very rule that makes his motion frivolous.[6]  See Plaintiff's Request For Entry Of Default Judgment Against Defendant (Doc. #27) at 1-2.  Although the Court construes plaintiff's pro se pleadings liberally, plaintiff is not immune from sanctions under the Federal Rules of Civil Procedure.  The Court again cautions plaintiff to refrain from filing frivolous motions.

The Court grants defendant's motion to transfer this case to the District of Nebraska.  Accordingly, the Court will not decide the remaining pending motions.  See Lagerstrom v. Enter. Bank & Tr., No. 13-2531-JTM, 2014 WL 1047955, at *4 (D. Kan. Mar. 18, 2014) (Court does not reach merits of motion to dismiss because more appropriate for transferee court to decide).

**IT IS THEREFORE ORDERED** that defendant's Motion To Transfer Venue And Motion To Dismiss For Failure To State A Claim (Doc. #15) filed October 21, 2019 is **SUSTAINED in part**.  The Court transfers this case to the District of Nebraska.  In doing so, the Court does not rule on defendant's motion to dismiss, plaintiff's Motion To Stay Collection Payment To Defendant (Doc. #6) filed September 18, 2019, plaintiff's Request For Entry Of Default By The Clerk (Doc. #14) filed October 18, 2019 or plaintiff's Motion For Entry Of Default Judgment Against Defendant By The District Clerk (Doc. #26) filed October 29, 2019.

---

[5]     On October 29, 2019, plaintiff actually filed two separate motions relating to defendant's default.  Motion For Entry Of Default Judgment Against Defendant By The District Clerk (Doc. #26); Plaintiff's Request For Entry Of Default Judgment Against Defendant (Doc. #27).

[6]     It would be difficult for plaintiff to claim that he did not understand that his second default motion was meritless.  Six days before he filed it, defendant clearly explained in response to the first default motion that, pursuant to Fed. R. Civ. P. 15(a)(3), it had until October 21, 2019 to respond to the amended complaint.  Undeterred, plaintiff filed a second default motion on October 29, 2019 – long after defendant had timely responded to the amended complaint.

Dated this 19th day of November, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge