# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY L. ABRAHAM, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-2561-KHV |
| ) | |
| CENTRIS FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On September 16, 2019, pro se plaintiff Gary L. Abraham filed suit against Centris Federal Credit Union. Complaint (Doc. #1).[1] As best the Court can ascertain, plaintiff alleges that defendant engaged in predatory lending relating to various loans, and brings his claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. On November 19, 2019, the Court transferred this case to the District of Nebraska pursuant to a valid forum selection clause in plaintiff's agreement with defendant. Memorandum And Order (Doc. #34). This matter is before the Court on Plaintiff's Request For The Court To Reconsider (Doc. #35) filed November 20, 2019. Defendant's deadline to respond was December 4, 2019; it filed no response, but for reasons stated below, the Court overrules plaintiff's motion.

## Legal Standards

A motion to reconsider must be based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. See Coffeyville Res. Ref. & Mktg. LLC v. Liberty Surplus Ins. Corp., 748 F.Supp.2d

---

[1] On October 4, 2019, plaintiff filed an Amended Complaint (Doc. #10).

1261, 1264 & n.2 (D. Kan. 2010); see also D. Kan. R. 7.3(b); Comeau v. Rupp, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992).  A motion to reconsider is not a second opportunity for the losing party to make his strongest case, to rehash arguments or to dress up arguments that previously failed. Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); RTC v. Greif, 906 F. Supp. 1446, 1456 (D. Kan. 1995); Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to reconsider.  Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F.Supp.2d 1130, 1132 (D. Kan. 2005).  Whether to grant a motion to reconsider is left to the Court's sound discretion.  Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995).

## **Analysis**

Plaintiff's challenge to the Court's decision centers on the scope and validity of the relevant forum selection clause.  Specifically, plaintiff argues that the forum selection clause does not govern his claims because (1) his allegations relate to pledge and refinance loans, not a home loan and (2) the agreement that defendant provided in its motion to transfer was fraudulent.

**I.     Loan Allegations**

Plaintiff first asserts that the forum selection clause does not apply here because his claims relate to certain pledge and refinance loans.  As best the Court can ascertain, plaintiff argues that the Court based its prior decision on the erroneous assumption that his claims related a home loan.

Plaintiff's explanation of the particular type of loan at issue, which his prior pleadings failed to make clear, does not change the Court's analysis.  His claims remain within the scope of the forum selection clause to which he agreed.  On June 7, 2012, plaintiff became a member of defendant by signing a Membership Application Account Card.  By doing so, plaintiff agreed to

"the terms and conditions of the Membership and Account Agreement." Account Card (Doc. #17-2) filed October 21, 2019 at 4. The Account Agreement clearly states that it "covers [plaintiff's] rights and responsibilities concerning [his] accounts," and that "any legal action regarding this Agreement shall be brought in the county in which the Credit Union is located," which is Douglas County, Nebraska. Account Agreement (Doc. #17-2) at 5, 10. The agreement also specifies that any "conflict regarding what you and our employees say or write will be resolved by reference to this Agreement." Id. at 8.

In its prior order, the Court explained that although plaintiff's claims are somewhat unclear, they apparently relate to an aspect of his contract with defendant, communications regarding his accounts and loans under those accounts. See Memorandum And Order (Doc. #34) at 3. Because these claims relate to his agreement with defendant and communications with its employees, they fall within the coverage of the forum selection clause. Id. Plaintiff's clarification regarding the particular type of loan at issue does not change this analysis. He is alleging that during their interactions, defendant's employees issued "false promises and documents that were not clearly readable," and later wrongfully took money from his account based on the alleged loans. See Plaintiff's Request For The Court To Reconsider (Doc. #35) at 1. The forum selection clause governs these claims.

## II.    Fraudulent Documents

Plaintiff also asserts that even if the forum selection clause governs his claims, the clause does not actually exist. According to plaintiff, defendant fraudulently "tamper[ed] with" the agreement that it provided in support of its motion to transfer. Id. Specifically, not only did defendant retroactively insert the forum selection clause into the agreement, but his signature appearing on the attached document is not actually his – plaintiff argues that the signature is the

product of white-out and a "type over signature."  Id.  To prove that defendant fraudulently tampered with the document and that the real agreement does not contain the relevant forum selection clause, plaintiff requested one week to find and submit his agreement with defendant.

Plaintiff has provided no evidence to support his claim that defendant's documents are fraudulent.  Defendant and its attorney each submitted affidavits stating that their documents were true and accurate copies of plaintiff's Account Card and the corresponding Membership Agreement.  See Declaration Of Eli A. Rosenberg (Doc. #17-1); see also Declaration Of Ann Helm (Doc. #17-2) filed October 21, 2019.  Nearly two weeks have passed since plaintiff requested time to submit his real agreement, and he has provided nothing to show that defendant's documents are fraudulent.  Therefore, plaintiff has not established that the Court erred in transferring his case pursuant to the valid forum selection clause.

**IT IS THEREFORE ORDERED** that Plaintiff's Request For The Court To Reconsider (Doc. #35) filed November 20, 2019 is **OVERRULED**.

Dated this 5th day of December, 2019 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge